Srichan LOIMAR, a/k/a Joy Loimar, Plaintiff,

v.

Carolyn HALSEY, Defendant.

No. 80 Civ. 7457 (KTD).

United States District Court, S. D. New York.

May 29, 1981.

Antonio M. Flores, New York City, for plaintiff.

Kornstein Meister & Veisz, New York City, for defendant; Ronald W. Meister, David Ratner, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff, a professional housekeeper, brings this suit against her employer to recover unpaid wages and damages allegedly sustained by the plaintiff when assaulted by her employer. Defendant moves to dismiss the complaint contending that this court does not have jurisdiction over the defendant.

### I.

Plaintiff, a New York resident, became acquainted with the defendant through an employment agency located in New York. Plaintiff was hired by the defendant through the agency in November, 1979 to work as a housekeeper in New Caanan, Connecticut. During the next two months, plaintiff became increasingly unhappy with the way her employer was treating her. On January 4, 1980, plaintiff notified the defendant that she was terminating her em-

ployment with the defendant. Plaintiff alleges that defendant responded to this by grabbing plaintiff's shoulder bag and emptying out its contents. Plaintiff also claims that the defendant grabbed her by the hair, pushed her to the wall and held her by the throat. Throughout this assault, plaintiff contends, defendant threatened plaintiff with more serious bodily harm should plaintiff insist upon leaving. According to the plaintiff, she escaped from the house while her employer was ransacking her shoulder bag.

Plaintiff filed suit in the New York Supreme Court in August, 1980. She alleged the same facts and sought recovery under theories identical to those set forth in the present action. In a decision dated November 3, 1980, the state court action was dismissed for lack of personal jurisdiction. That court held that

> even under the broadest reading of [New York] C.P.L.R. 302, this court has no jurisdiction over a Connecticut defendant for a tort committed in Connecticut . . . or for unpaid wages for work done in Connecticut.

*Loimar v. Halsey*, 19107/80 (Sup.Ct.1980).

The plaintiff then commenced the instant action in federal court in late December, 1980. The summons and complaint were served at defendant's home in Connecticut. The complaint is literally a carbon copy of the complaint filed in the New York Supreme Court. Plaintiff merely retyped the caption and crossed out the date on her state court complaint. Defendant now moves to dismiss the action for lack of personal jurisdiction over the defendant.

## II.

In order to subject the defendant to the jurisdiction of this court, plaintiff must satisfy the service requirements of Rules 4(e) or 4(f) of the Federal Rules of Civil Procedure. Plaintiff's service of process on the defendant in Connecticut clearly does not satisfy the requirements of Rule 4(f) which states that service must be made within the territorial limits of the state in which the district court sits.

Plaintiff contends, however, that the requirements of Rule 4(e) have been satisfied in this case and, therefore, this court has jurisdiction over the defendant. Rule 4(e), which permits out-of-state service pursuant to state statute, authorizes service under the New York State long-arm statute, C.P. L.R. § 302. Defendant argues that plaintiff is barred from arguing in this court that C.P.L.R. § 302 requirements have been met by the state court's decision that the requirements of § 302 were not satisfied.

■ A final, valid judgment rendered by a state court has a binding *res judicata* effect, until properly set aside, in all of the nation's tribunals, federal or state, on the parties and their privies. 1B *Moore's Federal Practice* ¶ 405(4–1) (2 ed. 1976). In the instant case, plaintiff instituted an action in federal court identical to the suit she initiated and lost at the state court level for lack of personal jurisdiction. Plaintiff cannot now avoid the decision of the New York court by attempting to relitigate the same issues with the same party in the federal court sitting in New York. The state court's holding that the requirements of C.P.L.R. § 302 are not met in the instant case is binding on this court. If the plaintiff disagrees with the decision rendered by the state court, the appropriate recourse is to appeal the decision, not to collaterally attack the decision by bringing suit in this federal court.

Accordingly, the complaint in the instant case is dismissed for lack of personal jurisdiction over the defendant.

SO ORDERED.